```
                    UNITED STATES DISTRICT COURT
                 FOR THE SOUTHERN DISTRICT OF OHIO
                      WESTERN DIVISION AT DAYTON
```

**UNITED STATES OF AMERICA,**  : Case No.: 3:25CR002WHR
                               :
    **Plaintiff,**          : **MOTION OF THE UNITED STATES FOR**
                               : **PRETRIAL DETENTION**
    vs.                    :
                               :
    **ANTHONY GOINS,**     :
                               :
    **Defendant.**         :

Pursuant to the Bail Reform Act, *see* 18 U.S.C. § 3142 *et seq.*, the United States moves for the pretrial detention of the defendant because no condition or combination of conditions will reasonably assure his or her appearance and/or the safety of any person or the community.  Specifically:

**A.**    <u>**REBUTTABLE PRESUMPTION OF DETENTION**</u>

In this case, the Bail Reform Act creates a rebuttable presumption that the defendant should be detained because there is probable cause to believe that he or she committed:

- an offense involving a minor victim under 18 U.S.C. §§ 1201 (kidnapping), 1591 (sex trafficking of children), 2241 (aggravated sexual abuse), 2242 (sexual abuse), 2244(a)(1) (abusive sexual contact), 2245 (certain sex offenses resulting in death), 2251 (production of child pornography), 2252(a)(1)-(a)(4) (transport, receipt, sale or possession of child pornography), 2260 (production of

child pornography for importation into the United States), 2421 (interstate transportation of an individual for prostitution), 2422 (coercion and enticement), 2423 (transportation of minors), or 2425 (use of interstate facilities to transmit information about a minor). *See* 18 U.S.C. § 3142(e)(3)(E).

**B.  HEARING REQUIRED**

The Bail Reform Act requires the Court to hold a hearing to determine whether to release or to detain the defendant because the United States requests such a proceeding and the case concerns:

- a crime of violence – namely, any offense that has as an element of the offense the use, attempted use, or threatened use of physical force against the person or property of another; or any felony under 18 U.S.C. §§ 1581 – 1597 (peonage, slavery, trafficking in persons), §§ 2241 – 2245 (sexual abuse), §§ 2251 – 2252 (sexual exploitation and other abuse of children), or §§ 2421 – 2427 (transportation for illegal sexual activity). *See* 18 U.S.C. §§ 3142(f)(1)(A) (requiring hearing) & 3156(a)(4) (defining crime of violence).

- an offense for which the maximum sentence is life imprisonment or death. *See* 18 U.S.C. §§ 3142(f)(1)(B).

- any felony offense not otherwise a crime of violence that involves a minor victim.  *See* 18 U.S.C. §§ 3142(f)(1)(E).

- a serious risk that the defendant will flee.  *See* 18 U.S.C. §§ 3142(f)(2)(A).

C.   **TIMING OF HEARING**

The United States requests that the Court set the detention hearing in three (3) business days (i.e., excluding any intermediate Saturday, Sunday, or legal holiday) and order the defendant detained pending that proceeding.  *See* 18 U.S.C. § 3142(f).

D.   **CONCLUSION**

Based on the foregoing as well any evidence and argument presented at the detention hearing in this matter, the United States respectfully submits that no condition or combination of conditions will reasonably assure the defendant's appearance and/or the safety of any person or the community.  The defendant therefore should be detained pending further proceedings.

```
                            KENNETH L. PARKER
                            United States Attorney


                            s/Brent Tabacchi
                            BRENT G. TABACCHI
                            Assistant United States Attorney
                            Attorneys for Plaintiff
                            602 Federal Building
                            200 West Second Street
                            Dayton, OH  45402
                            Telephone: (937) 225-2910
                            Fax: (937) 225-2564
```

**CERTIFICATE OF SERVICE**

I hereby certify that a copy of the foregoing was served on defendant's counsel this 17th day of January 2025 via the Court's ECF System.

<u>s/Brent G. Tabacchi</u>
BRENT G. TABACCHI
Assistant United States Attorney